UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS , <br><br> Petitioner, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Respondent. | CASE NO. 2:22-cv-01609-RAJ-BAT <br><br> **REPORT AND RECOMMENDATION** |

Petitioner, Daniel Teklemariam Hagos, seeks 28 U.S.C § 2254 habeas relief from his King County Superior Court convictions and sentence for Second Degree and Fourth Degree Assault in case number 16-1-00616-3. Dkt. 1. The habeas petition is untimely, and the Court thus recommends **DISMISSING** it with prejudice. The Court also recommends denying leave to amend because no amendment will cure the untimeliness of the petition. If the recommendation is accepted, the Court further recommends denying issuance of a certificate of appealability (COA) and striking the motion to proceed *in forma pauperis*.

## DISCUSSION

The habeas petition raises one ground for relief: "ineffective assistance of counsel." *Id*. at 5. Petitioner also sprinkled throughout the pleading phrases such as "Bivens Case!"; "They are not real officers that meet the criteria speculate check credentials"; "They are using serie to

REPORT AND RECOMMENDATION - 1

1  conduct intel collect Avoid that is wirelessly connected to the telephone pole wires they are
2  cyber criminals"; and "they are terrorists. "  Regarding timeliness, the petition states "trial court
3  abused its discretion . . . manifest constitutional error. Shows actual prejudice."

4      Petitioner also attached to his federal habeas petition a state personal restraint petition
5  (PRP) that is stamped as filed in the state court of appeals on July 26, 2019. The PRP alleges (1)
6  Petitioner asked his trial and direct appeal lawyers to dismiss the case against him but they told
7  him they did not care whether there were fingerprints on a box cutter knife; (2) Ineffective
8  Assistance of Counsel, Brady v, Maryland, prosecutorial misconduct and the police violated the
9  fourteenth amendment because trial and appellate counsel told Petitioner there are no fingerprint
10 images in the discovery provided; and (3) equal protection search and seizure.

11     Because the federal habeas petition provides little information about the procedural
12 history of the case in the state courts, the Court takes judicial notice the Washington State Court
13 of Appeals issued a decision following direct appeal in this case on November 6, 2017 in *State v.*
14 *Hagos,* 1 Wash.App.2d 1012 (Div. I  2017).
15     In this decision, the state court of appeals noted Petitioner was convicted of both Second
16 and Fourth Degree Assault and challenged on appeal the pretrial rulings denying his motions to
17 exclude statement he made and denying a motion to suppress the result of a show up. *Id.* The
18 Court also noted and rejected Petitioner's additional grounds for review in which he contended
19 trial counsel was ineffective for failing to argue to the jury "the police officers did not read me
20 my Miranda rights on the video shown in the courtroom by the officer." *Id.* Petitioner sought
21 review and the Washington Supreme Court denied review on March 7, 2018. *State v. Hagos*, 190
22 Wash.2d 1006 (2018).
23

REPORT AND RECOMMENDATION - 2

The procedural history of this case establishes the present habeas petition is time barred. Under 28 U.S.C. § 2244(d)(1) a "1–year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The one-year limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id*. The period of time a properly filed application for post-conviction review is pending in state court does not count toward the limitation period. 28 U.S.C. § 2244(d)(2).

The record shows Petitioner filed his federal habeas petition after the expiration of § 2244(d)(1)'s one-year statute of limitations. Petitioner's judgment became final on June 8, 2019, which is ninety days after the Washington Supreme Court denied review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.2001). At that point, the statute of limitations began to run, and Petitioner had one year to file a federal habeas petition. The habeas statute of limitations had already run for more than one year when Petitioner filed on July 26, 2019 the PRP that is attached to his federal petition. The federal habeas petition is thus untimely and subject to dismissal.

Because Petitioner proceeds pro se, the Court has considered whether there are equitable grounds to toll the federal habeas statute of limitations. A court may equitably toll the habeas statute of limitations if the Petitioner shows (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where external forces, rather than the petitioner's own lack of diligence, caused the failure to file a timely habeas petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold to obtain equitable tolling is very high, and the petitioner bears a heavy burden to obtain equitable tolling. *Miranda*

1  v. *Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002). Here, Petitioner earlier sought federal habeas
2  relief for the same conviction and sentence that he now challenges. *See Hagos v. Washington*,
3  19-1231-RSL. In the earlier habeas petition, Petitioner alleged his fourteenth amendment rights
4  were violated; there was a conspiracy to deprive him of his rights; and there were no fingerprints
5  on the alleged deadly weapon and the "victims have no hospital papers. In the present petition he
6  alleges his lawyers were ineffective in regard to the fingerprints on the deadly weapon and the
7  police violated his fourteenth amendment rights. The present petition thus raises claims that
8  Petitioner raised earlier or raises claims based upon acts that Petitioner knew about years ago
9  such as his lawyers' discussion with him about the fingerprints or the actions of the police when
10 they arrested him. As Petitioner could have raised the present claims within the statute of
11 limitations, the Court concludes there are no grounds to equitably toll the statute of limitations.

12      Because the present habeas petition is untimely and there are no equitable grounds to toll
13 the statute of limitations, the Court recommends the habeas petition be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

An individual serving a state prison sentence who seeks post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's habeas petition was filed outside the statute of limitations, and there no grounds to equitably toll the limitations period. Issuance of a COA should accordingly be denied. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 29, 2022.** The Clerk shall note the matter for **December 2, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 15th day of November, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5